Case 2:19-cv-00356   Document 16   Filed on 04/07/20 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
April 07, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KERRY YOUNG JR., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-356 |
| | § | |
| RAY GUEVERA, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff Kerry Young, Jr., who is proceeding *pro se* and *in forma pauperis*, is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently housed at the Clements Unit in Amarillo, Texas. He filed this civil rights action against two officials from the McConnell Unit in Beeville, Texas.

On January 14, 2020, the undersigned ordered service of Plaintiff's complaint on Defendants Ray Guevera and Philip J. Sifuentes. (D.E. 8). These defendants were directed in the Order of Service to file an answer within forty-five days of their receipt of the complaint. (D.E. 8, p. 1).

Plaintiff seeks entry of default judgment against Defendants. (D.E. 14). He contends that these defendants were served with Plaintiff's complaint on January 14,

2020, but have failed to file an answer or otherwise defend within the time frame set out by the court. (D.E. 14).

Federal Rule of Civil Procedure 55 provides in pertinent part that:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a). A three-step process exists for securing a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend against an action." Fed. R. Civ. P. 55(a). Second, the clerk must then enter an entry of default when the default is "shown by affidavit or otherwise." *Id.* Third, a party must apply either to the clerk or the court for a default judgment after an entry of default. *Id.*; *Brown*, 84 F.3d at 141. "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

On March 4, 2020, the Office of the Attorney General for the State of Texas filed a motion to dismiss Plaintiff's complaint (D.E. 13).

Plaintiff is not entitled to default judgment in this case. Contrary to Plaintiff's argument, Defendants Guevara and Sifuentes filed a responsive pleading. Accordingly, because Plaintiff is not entitled to default judgment in this case, it is respectfully recommended that his Rule 55 motion (D.E. 14) be DENIED.

Further, in a separate order, the undersigned has directed Defendants to serve Plaintiff with their motion to dismiss (in their motion they noted that only electronic

service was accomplished and not actual service of Plaintiff by mail) and ordered that Plaintiff's deadline to respond is now June 26, 2020. (D.E. 15).

ORDERED this 7th day of April, 2020.

                                                Julie K. Hampton
                                        United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).